Joel D. Odou
Nevada Bar No. 7468
jodou@wshblaw.com
Christina M. Mamer
Nevada Bar No. 13181
cmamer@wshblaw.com
Wood, Smith, Henning & Berman LLP
2881 Business Park Court, Suite 200
Las Vegas, Nevada 89128-9020
Telephone: 702 251 4100
Facsimile: 702 251 5405

Attorneys for Defendants Lusine Danayan and Jack Danayan

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HELPING HANDS WELLNESS CENTER, INC., a Nevada corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LUSINE DANAYAN, an individual; JACK DANAYAN, an individual,<br><br>　　　　Defendants. | CASE NO.:<br><br>Eighth Judicial District Court of the State of Nevada in and for the County of Clark<br><br>State Court Case No.: A-19-794924-B<br>State Court Dept. No.: XI<br><br>**DEFENDANTS' PETITION FOR REMOVAL** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LEGAL:05488-0313/11731613.1

## DEFENDANTS' PETITION FOR REMOVAL

**TO: THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants LUSINE DANAYAN and JACK DANAYAN ("DEFENDANTS"), by and through their attorneys of record, WOOD SMITH HENNING & BERMAN, LLP, hereby remove the above-captioned action from the Eighth Judicial District Court of Clark County, Nevada to the United States District Court for the District of Nevada. Removal is warranted under 28 U.S.C. §§ 1332 (a)(1) because this is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

1. On May 16, 2019, Plaintiff HELPING HANDS WELLNESS CENTER, INC., filed an action (Complaint) entitled *Helping Hands Wellness Center, Inc. v. Lusine Danayan, et al.* in the Eighth Judicial District Court of Clark County, Nevada, in case number A-19-794924-B, assigned to Department XI. Defendants Lusine Danayan and Jack Danayan were served with a copy of the Summons and Complaint on May 23, 2019. A true and correct copy of the Summons and Complaint in this action is attached hereto, as **Exhibit "A."**

2. No proceedings have been had in the state court action.

3. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 (a)(1) because this is a civil action between the citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

### I. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

4. Defendants Lusine Danayan and Jack Danayan was served with a copy of the Summons and Complaint on May 23, 2019.

5. The Eighth Judicial District Court of Clark County, Nevada is located within the United States District Court for the District of Nevada. Thus, venue is proper in this Court and under 28 U.S.C. § 108 because it is the "district and division embracing the place where such action is pending." *See U.S.C.* § 1441(a).

6. No previous request has been made for the relief requested herein.

7. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon DEFENDANTS, which papers include the Summons and Complaint, are attached hereto, as **Exhibit "A".** Pursuant to 28 U.S.C. § 1446(d), a copy of this Petition For Removal is being served on counsel for Plaintiff and a copy is being filed with the Clerk of the Eighth Judicial District Court of Clark County, Nevada.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1441

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because this is a civil action between Plaintiff, a Nevada corporation, and Defendants, Lusine Danayan and Jack Danayan, citizens of the state of California, and the amount in controversy exceeds the sum or value of $75,000.000, exclusive of interests and costs.

### *A.  The Amount In Controversy Requirement Is Satisfied.*

9. Plaintiff alleges damages arising from an alleged breach of contract and breach of the implied covenant of good faith and fair dealing. Plaintiff alleges damages "in excess of $10,000.00" as required by Nevada law. Plaintiff also alleges that Defendants demanded an immediate payment of $750,000.00 in exchange for executing the settlement documents. Finally, Defendants allege that they have invested in excess of $300,000.00 into Plaintiff. As such, the alleged damages are in excess of $75,000.00 in total damages.

### *B.  There Is Complete Diversity Between Plaintiff and Defendants.*

10. Upon information and belief, and as alleged in the Complaint, Plaintiff is a Nevada corporation.

11. Defendants, Defendants Lusine Danayan and Jack Danayan, are and were at all times relevant hereto, citizens of the state of California.

/ / /
/ / /
/ / /
/ / /
/ / /

WHEREFORE, DEFENDANTS respectfully remove this action from the Eighth Judicial District Court of Clark County, Nevada, in case number A-19-794924-B to this Court pursuant to 28 U.S.C. § 1441.

May 24, 2019

          WOOD, SMITH, HENNING & BERMAN LLP
          Attorneys at Law

By     */s/ Christina M. Mamer*
      JOEL D. ODOU
      Nevada Bar No. 7468
      CHRISTINA M. MAMER
      Nevada Bar No. 13181
      2881 Business Park Court, Suite 200
      Las Vegas, Nevada 89128-9020
      Tel. 702 251 4100

      Attorneys for Defendants Lusine Danayan and Jack Danayan

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of May, 2019, a true and correct copy of **DEFENDANTS' PETITION FOR REMOVAL** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By  */s/ Alex J. Moya*
An Employee of
WOOD, SMITH, HENNING & BERMAN LLP

# Exhibit A

Electronically Issued
5/16/2019 11:25 AM

1  **SUMM**
Jared Kahn, Esq.
2  Nevada Bar # 12603
JK Legal & Consulting, LLC
3  9205 West Russell Rd., Suite 240
4  Las Vegas, NV 89148
P: (702) 708-2958
5  F: (866) 870-6758

CASE NO: A-19-794924-B
Department 13

7  *Attorneys for Helping Hands*
   *Wellness Center, Inc.*

**EIGHTH JUDICIAL DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| HELPING HANDS WELLNESS CENTER, INC., a Nevada corporation, | ) ) CASE NO: ) DEPT NO.: |
| Plaintiff, | ) ) |
| vs. | ) **SUMMONS** ) **(Lusine Danayan)** ) ) |
| LUSINE DANAYAN, an individual; JACK DANAYAN, an individual. | ) ) ) |
| Defendants. | ) ) ) ) ) |

**SUMMONS**

NOTICE: YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO THE ABOVE-NAMED DEFENDANT: You are hereby summoned and required to serve upon Plaintiff's attorney, whose address is set forth below, an Answer to the Complaint which is herewith served upon you, within 20 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:
   a. File with the Clerk of this Court, whose address is shown below, a formal written

JK LEGAL &
CONSULTING, LLC
9205 West Russell Rd., Suite 240
Las Vegas, Nevada 89148
(702) 702-2958

1 of 2

Case Number: A-19-794924-B

response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

 b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff and failure to respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

STEVEN D. GRIERSON
Clerk of Court

Submitted by:

By: _____  5/16/2019
Deputy Clerk Courtnie Hoskin   Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

Jared B. Kahn, Nevada Bar #: 12603
9205 West Russell Rd., Suite 240
Las Vegas, NV 89148
Ph: (702) 708-2958
Fax: (866) 870-6758
Jkahn@jk-leglaconsulting.com
Attorneys for Plaintiff

Electronically Filed
5/16/2019 11:25 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Jared Kahn, Esq.
Nevada Bar # 12603
JK Legal & Consulting, LLC
9205 West Russell Rd., Suite 240
Las Vegas, NV 89148
P: (702) 708-2958
F: (866) 870-6758
jkahn@jk-legalconsulting.com

*Attorneys for Helping Hands*
*Wellness Center, Inc.*

CASE NO: A-19-794924-B
Department 13

## EIGHTH JUDICIAL DISTRICT COURT
## CLARK COUNTY, NEVADA

HELPING HANDS WELLNESS CENTER, INC., a Nevada corporation,

    Plaintiff,

vs.

LUSINE DANAYAN, an individual; JACK DANAYAN, an individual.

    Defendants.

CASE NO:
DEPT NO.:

**COMPLAINT FOR:**
1. **Breach of Contract /Settlement**
2. **Breach of Covenant of Good Faith and Fair Dealing**

Plaintiff Helping Hands Wellness Center, Inc., by and through its counsel, Jared B. Kahn, Esq., hereby complains and alleges against Defendants Lusine Danayan and Jack Danayan, the following:

### I. THE PARTIES, JURISDICTION AND VENUE

1. At all material times herein, Plaintiff Helping Hands Wellness Center, Inc., ("Plaintiff" or "HHWC") was a Nevada corporation lawfully permitted to operate in the State of Nevada.

2. At all material times herein, Defendant Lusine Danayan ("Lusine") was an

1 of 8

individual residing in the State of California. At all material times herein, Lusine was a shareholder and officer of HHWC for its Nevada operations.

3. At all material times herein, Defendant Jack Danayan ("Jack") was a resident of the State of California. At all material times herein, Jack was an authorized agent acting on behalf of his daughter Lusine for the business matters involving HHWC.

4. All of the acts alleged to have taken place herein took place in the County of Clark, State of Nevada, where HHWC is located, operates and conducts its business.

5. Plaintiff is informed and believes and herein alleges that, at all material times herein, each of the Defendants were the agents, servants, directors, managers, or employees of each co-defendants, and in doing the things herein alleged were acting in an agency, managerial or employment capacity within the course and scope of their authority, whose acts and conduct herein alleged were with the permission and consent of each of the co-defendants.

6. Each of the Defendants' actions and conduct were known to, authorized and ratified by all defendants herein. Plaintiff is informed and believes and herein alleges, that all of the conduct by the individual Defendants, was known to and authorized by all Defendants herein.

## II. PERTINENT FACTS AND ALLEGATIONS

### A. The HHWC Business and Jack's Express Agency Relationship

7. On April 11, 2014, HHWC was formed for the purpose of operating a lawfully licensed medical cannabis establishment for cultivation and production operations in North Las Vegas, pursuant to NRS 453A, 453D, and applicable regulations.

8. At the time of formation, Lusine, at the direction of Jack, was named Secretary and Director of HHWC.

9. At the time of formation, Lusine was a shareholder in HHWC.

10. Jack was expressly authorized to act for and on behalf of Lusine, as her agent, for HHWC decision-making business matters and to negotiate Lusine's business matters on her behalf as they pertained to the HHWC business.

11. HHWC permitted Lusine to expressly authorize and designate Jack as her agent to represent her interests and act on her behalf involving HHWC business matters.

12. From the time of formation, Jack routinely and as expressly authorized acted as Lusine's agent involving the HHWC business matters.

13. During the course of HHWC's business operations, the shareholders and officers executed appropriate Shareholder and Officer Consents authorizing Klaris Terteryan ("Klaris"), a shareholder and officer of HHWC, to act on behalf of the company for all of its business matters. The Consent and authorization for Klaris to act on behalf of HHWC ratified prior course of dealings in which Klaris, as an officer of HHWC, took actions for HHWC's best business interests and authorized Klaris to act on behalf of all future HHWC business matters.

### B. HHWC Dispute with Defendants and the Settlement

14. During the course of HHWC's business operations, the company received an offer for the sale of cultivation and production assets.

15. HHWC discussed the proposed sale transaction with Defendants and obtained their consent to agree to the terms of the sale.

16. HHWC then entered into a Letter of Intent ("LOI") with the purchaser to memorialize the sale terms, the terms of which are confidential and cannot be disclosed herein, with Klaris authorized to enter into the LOI on behalf of HHWC.

17. Subsequent to entering into the LOI but prior to the execution of the definitive agreements for the sale of the HHWC assets contemplated by the LOI, a dispute arose between HHWC and the Defendants.

18. In order to resolve the dispute and after painstaking negotiations, HHWC and Defendants reached an agreement on all materials terms resolving their dispute, which in part, involved entering into a Shareholder Interest Purchase Agreement for HHWC to purchase the Lusine shareholder interest, a Settlement and Release Agreement, Lusine's resignation as an officer of HHWC, and the execution of five (5) promissory notes for payment terms to Lusine and a Security Agreement thereto (the "Settlement").

19. The Settlement was memorialized in final Settlement documents agreed upon by all Parties.

20. Entering into the Settlement with Defendants was expressly contemplated and agreed upon in order to finalize the sale of certain HHWC assets.

21. On May 10, 2019, Defendants' attorney sent to HHWC the final Settlement documents incorporating all agreed upon material terms for execution by the Parties.

22. On May 10, 2019, HHWC, Klaris and her husband executed the Settlement documents by Docusign and circulated the executed Settlement documents to Defendants for execution.

23. On May 15, 2019, Defendants communicated they will not be signing the Settlement documents despite all material terms having been agreed upon by the parties after extensive negotiations, re-drafts and final dissemination by Defendants' counsel of the Settlement documents.

24. Instead of agreeing to execute the agreed upon Settlement documents, Defendants improperly and without justification demanded Plaintiff remit an immediate payment of $750,000.00 in order to obtain executed copies of the Settlement documents from Defendant Lusine.

25. Defendants improperly and unlawfully breached the Settlement and refuse to

JK LEGAL & CONSULTING, LLC
8205 West Russell Rd., Suite 240
Las Vegas, Nevada 89148
(702) 702-2958

execute the appropriate Settlement documents, which would include a State of Nevada Transfer of Ownership form necessary to process the Shareholder Interest Purchase Agreement transferring Lusine's shareholder interest to HHWC.

26. As a result of Defendants' breach of the Settlement, the transaction for the sale of certain HHWC assets is jeopardized due to the inability of HHWC to complete the transaction without the completion of the Settlement with Defendants.

27. Defendants' breach is causing imminent harm to the sale transaction and to the viability of the operations of HHWC.

## III. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Breach of Contract/Settlement

### (All Defendants)

28. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 26 above as though fully set forth herein.

29. Defendants entered into the Settlement with HHWC after agreeing to all material terms and conditions for the Settlement.

30. Defendants' counsel acknowledged on May 15, 2019, the parties agreed to all material terms of the Settlement despite Defendants refusal to execute the Settlement documents provided in final form by Defendants and executed by Plaintiff.

31. Defendants refusal to execute the necessary Settlement documents and instead demanding $750,000.00 as a condition precedent to executing the Settlement documents is a material breach of the Settlement.

32. Defendants demand for the $750,000 was not a provision agreed upon by the Parties when they reached agreement on all material terms and final drafts of the Settlement for execution.

33. Plaintiff performed all conditions precedent pursuant to the Settlement and executed the applicable Settlement documents.

34. Defendants breached the Settlement without cause for failure to execute the applicable Settlement documents, including but not limited to the Transfer of Ownership forms required by the State of Nevada to transfer Lusine's shareholder interest to HHWC.

35. Defendant's breach of the Settlement was complete because Defendants refuse to honor the obligations and terms of the Settlement.

36. As a result of the breach of Settlement by Defendants, Plaintiff has suffered damages in an amount in excess of $10,000.00.

37. As a result of the actions by Defendants, Plaintiff has suffered and will continue to suffer damages unless and until Defendants are ordered to specifically perform and execute the Settlement documents.

38. As a result of the actions by Defendants, Plaintiff has incurred attorney fees and costs and is entitled to reimbursement pursuant to the Settlement documents and NRS 18 *et seq.*

**SECOND CLAIM FOR RELIEF**
**Breach of Implied Covenant of**
**Good Faith and Fair Dealing**

**(All Defendants)**

39. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 37 above as though fully set forth herein.

40. All contracts in Nevada contain an implied covenant of good faith and fair dealing.

41. Defendants are party to the Settlement and the obligations to perform the conditions of the Settlement, including but not limited to, executing the Settlement documents, selling Defendants' shares in HHWC, and executing the applicable State of Nevada Transfer of Ownership forms.

42. Defendants owe a duty of good faith and fair dealing with Plaintiff.

JK LEGAL &
CONSULTING, LLC
9205 West Russell Rd. Suite 240
Las Vegas, Nevada 89148
(702) 702-2968

6 of 8

43. Defendants breached the implied covenant of good faith and fair dealing by breaching the Settlement and wrongfully and improperly demanding payment of $750,000 in order to execute the Settlement documents after Plaintiff had already executed the Settlement documents.

44. Plaintiff had a justifiable and reasonable expectation to receive benefits from the Settlement agreement with Defendants.

45. Defendants performed under the Settlement in such a manner that was unfaithful to the purposes of it, thus, Plaintiff's justified expectations under the Settlement were denied.

46. Defendant's actions and breach were deliberate because of Defendants' demand for payment of $750,000 to execute the Settlement documents despite reaching agreement on all material terms and the final agreements being disseminated by Defendants' counsel and signed by Plaintiff.

47. As a result of the actions by Defendants, Plaintiff has been damaged in an amount in excess of $10,000.00.

48. As a result of the actions by Defendants, Plaintiff has suffered and will continue to suffer damages unless Defendants specifically perform and execute the Settlement documents.

49. As a result of the actions by Defendant, Plaintiff has incurred attorney fees and costs and is entitled to reimbursement pursuant to the Settlement documents and NRS 18 *et seq.*

///

///

///

///

JK LEGAL &
CONSULTING, LLC
9205 West Russell Rd., Suite 240
Las Vegas, Nevada 89148
(702) 702-2956

7 of 8

WHEREFORE, Plaintiff prays for judgment and relief in its favor and against Defendants Lusine Danayan and Jack Danayan, as follows:

1. For judgment in favor of Plaintiff and against Defendants in an amount to be determined at trial, in excess of $10,000, for Plaintiff's claims for relief;

2. For judgment in favor of Plaintiff and against Defendants ordering the specific performance of Defendants to oblige to the terms of the Settlement and ordering the execution of the applicable Settlement documents;

3. For judgment in favor of Plaintiff restraining Defendants from continued refusal to execute the Settlement documents;

4. For an award of exemplary damages in favor of Plaintiff and against Defendants;

5. For an award of punitive damages in an amount to be proven at trial;

6. For prejudgment and post-judgment interest at the statutory or contract rate on the damages awarded to Plaintiff;

7. For Plaintiff's attorney's fees and costs incurred herein; and,

8. For any such other and further relief as the Court deems just and proper.

DATED: May 15, 2019.

/s/ Jared B. Kahn
Jared B. Kahn, Nevada Bar # 12603
JK Legal & Consulting, LLC
9205 W. Russell Rd., Suite 240
Las Vegas, NV 89148
(702) 708-2958 Phone
(866) 870-6758 Fax
jkahn@jk-legalconsulting.com
Of Attorneys for Plaintiff

JK LEGAL &
CONSULTING, LLC
9205 West Russell Rd., Suite 240
Las Vegas, Nevada 89148
(702) 702-2958

8 of 8