UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| HELPING HANDS WELLNESS CENTER, INC., | Case No. 2:19-CV-881 JCM (NJK) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| LUSINE DANAYAN, et al., | |
| Defendant(s). | |

Presently before the court is Helping Hands Wellness Center, Inc.'s ("HHWC") emergency motion to remand. (ECF No. 5). Defendants Lusine Danayan and Jack Danayan ("defendants") responded. (ECF No. 12). HHWC did not reply.

Also before the court is Helping Hand's motion for preliminary injunction. (ECF No. 6). Defendants filed a response. (ECF No. 15). HHWC did not reply.

**I. Facts**

HHWC, a medical cannabis cultivation and production operation in North Las Vegas licensed under state law, received a confidential offer for the sale of its cannabis cultivation and production assets from a buyer.[1] (ECF No. 5 at 2). HHWC discussed the offer with defendants, who initially consented to the terms of the sale. *Id.* HHWC then entered into a letter of intent with the buyer. *Id.* Before the execution of the sale agreement, however, a dispute between defendants and HHWC arose. *Id* at 2–3.

---

[1] HHWC stresses that the shareholder interest purchase agreement and settlement are confidential. (*See* ECF No. 5 at 3 n.2).

**James C. Mahan**
**U.S. District Judge**

Defendants and HHWC negotiated for several months, and HHWC alleges that the parties "reached an agreement on all material terms resolving their dispute." *Id.* at 3. The parties drafted a settlement and shareholder interest purchase agreement whereby HHWC would purchase Lusine's interest, Lusine would resign as an officer of HHWC, and HHWC would execute five (5) promissory notes and a security agreement to repay Lusine. *Id.* However, defendants assert that the parties "were ultimately unable to reach an agreement as to the terms of the sell [sic], such as the amount to be paid, how that amount was to be paid, and the backed security interest should [HHWC] default." (ECF No. 15 at 8).

HHWC filed suit in state court to enforce the settlement and shareholder interest purchase agreement, and the defendants timely removed. (ECF No. 1).

**II.     Legal Standard**

*A. Subject matter jurisdiction*

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion,

order or other paper' from which it can determine that the case is removable. *Id.* (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

*B. Preliminary injunction*

This court must consider the following elements in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008); *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1319 (9th Cir. 1994); Fed. R. Civ. P. 65 (governing both temporary restraining orders and preliminary injunctions).

The party seeking the injunction must satisfy each element; however, "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). "Serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135 (internal quotations marks omitted).

Finally, to obtain injunctive relief, plaintiff must show it is "under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1171 (9th Cir. 2011) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009)).

. . .

## III. Discussion

*A. Subject matter jurisdiction—diversity*

First, the parties do not dispute that there is diversity of citizenship. (ECF Nos. 1, 5, 12). Defendants are residents of California. (ECF No. 1 at 9–10). HHWC is a Nevada corporation, with its principal place of business in Nevada. *Id.* at 9. Thus, complete diversity exists between the parties.

The only issue before the court is whether the amount in controversy satisfies 28 U.S.C. § 1332, which allows federal courts to exercise diversity jurisdiction in civil actions between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). "In determining the amount in controversy, courts first look to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Ibarra v. Manheim Invests., Inc*. 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). At the time of removal, parties may submit supplemental evidence to show that the amount in controversy is in excess of $75,000. *Id.* (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). However, if the plaintiff seeks nonmonetary relief, "removal of the action is proper on the basis of an amount in controversy asserted" by the defendant "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(B); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014).

Plaintiffs allege in the complaint that their claims are each valued in excess of $10,000 in general damages. (ECF No. 1 at 15). This figure is well below the amount in controversy threshold under § 1332(a). However, plaintiff is suing for nonmonetary relief: specific performance of the settlement and purchase agreement. (ECF No. 1 at 16). Defendants contend that, under the confidential settlement and shareholder interest purchase agreement, HHWC would buy defendant's interest in HHWC for over $2,000,000. (ECF No. 12 at 7). HHWC's shareholder interest purchase agreement, although filed under seal and stricken by the court on

procedural grounds, confirms that the amount in controversy—the purchase price—exceeds $75,000. (*See generally* ECF No. 7).

Thus, the court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000. HHWC's motion to remand is denied.

*B. Preliminary injunction*

In Nevada, "[a] preliminary injunction is proper where the moving party can demonstrate . . . that, absent a preliminary injunction, it will suffer irreparable harm for which compensatory damages would not suffice." *Excellence Cmty. Mgmt., LLC v. Gilmore*, 351 P.3d 720, 722 (Nev. 2015); see also NEV. REV. STAT. § 33.010.

HHWC fails on this prong of the preliminary injunction analysis. HHWC alleges in its motion for preliminary injunction that "without the resolution and [s]ettlement of the matters between HHWC and Lusine, the purchaser of the certain cultivation and production assets will not complete the transaction." (ECF No. 6 at 9). Thus, HHWC argues that its irreparable harm is "[l]osing the purchase of the assets . . . because the sale and its terms are uniquely structured and will not be attainable through another buyer because shares in the instant purchaser will also be issued to HHWC." *Id.*

"However, on June 24, 2019, counsel for the purchaser sent a letter to HHWC's counsel and informed HHWC that they have terminated the asset purchase agreement with HHWC." (ECF No. 15 at 11, Exhibit A). Accordingly, HHWC's imminent, irreparable harm has already occurred.

Further, defendants argue that "[HHWC] has not shown that it will suffer irreparable harm because [HHWC] has not shown that compensatory damages are an inadequate form of compensation. In fact, [HHWC's] [i]nstant [m]otion fails to mention compensatory damages and merely states that [HHWC] will suffer irreparable harm." (ECF No. 15 at 11). The court agrees.

HHWC's only argument pertaining to the irreparable harm and inadequacy of a remedy at law is the uniqueness of the sale and its terms. (ECF No. 6 at 9). This assertion is unsupported by specific evidence, ostensibly because the terms of the sale are confidential.

Nonetheless, the court does not find reason to believe—particularly in light of the sale already being terminated—that compensatory damages are inadequate.

Accordingly, HHWC's motion for preliminary injunction is denied.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that HHWC's emergency motion to remand (ECF No. 5) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that HHWC's motion for preliminary injunction (ECF No. 6) be, and the same hereby is, DENIED.

DATED August 29, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**